# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| SHELBY COUNTY GOVERNMENT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-00835 |
| | ) | |
| BILL LEE, in his official capacity as | ) | Judge Crenshaw |
| Governor of the State of Tennessee, et al., | ) | Magistrate Judge Frensley |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MEET AND CONFER AND DEFENDANTS' PROPOSED HEARING DATES OF JULY 9, 10, AND 13, 2026

Defendants submit this Notice of Meet and Confer as required by the Court's July 1, 2026 Order. *See* Order, D.E. 22 at 260–61.

During the Meet and Confer, the Parties squarely disagreed about the scope and duration of that Order. The Order instructs the Parties to maintain the status quo "pending the Court's consideration and decision on Plaintiffs' motion for injunctive relief." *Id.* at 260. Because Plaintiffs have placed only a Motion for Temporary Restraining Order before the Court (D.E. 19), the Court's Order to maintain status quo must necessarily only extend to any upcoming hearing concerning that motion. While Plaintiffs disagree, this is not controversial. Entering a status-quo order before evaluating a request for injunctive relief is routine. *See, e.g., R.K. v. Lee*, No. 3:21-cv-00853 (M.D. Tenn.), D.E. 8 (status-quo order pending preliminary-injunction

request) and D.E. 46 (order granting TRO and preliminary injunction); *Universal Life Church Monastery Storehouse v. Nabors*, No. 2:19-cv-0049 (M.D. Tenn.), D.E. 18 (status-quo order).

Plaintiffs now insist that the Court "grant[ed]" their TRO. *See* Pls.' Notice, D.E. 23. But the electronic docket shows no such ruling—it only contains an order preserving the status quo. *Compare Shelby County Gov't v. Lee*, No. 2:26-cv-00835 (M.D. Tenn.), D.E. 22 (status-quo order), *with R.K.*, No. 3:21-cv-00853, D.E. 46 (order expressly granting TRO and injunctive relief). Further, Plaintiffs' contention does not reconcile with the Supreme Court's view of Rule 65(b). In *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974), the Court explained that Rule 65(b)'s restrictions on *ex parte* TROs require both sides to notice and an opportunity to be heard and that such relief is tolerated only "so long as is necessary to hold a hearing, and no longer." *Id.* at 439. The same concern is present here: absent a hearing at which Defendants are heard on the propriety of continued relief, any extension of the TRO past July 15, 2026, would rest on the same one-sided record that supported its initial, *ex parte* issuance—precisely what Rule 65(b) and *Granny Goose* caution against.

During the meet and confer, Plaintiffs also unveiled an extensive discovery plan, seeking to depose the Commissioner of the Tennessee Department of Education as well as two non-parties, and to demand various documents from the Commissioner. And while Defendants did not reject Plaintiffs' requests for discovery, Defendants did question the discovery's relevance to Plaintiffs' actual claims—their Fourteenth Amendment theory or their Tennessee-constitutional challenges involving home rule, the "anti-ripper" clause, retroactivity, or separation of powers. *See* Pls.' Mem., D.E. 20 at 242–44. Defendants maintain that any discovery at this point should be relevant to Plaintiffs' Motion for Temporary Restraining Order,

the only order before the Court, and should be limited in scope to permit the parties to prepare for a hearing on or before July 15, 2026 per the time period allowed by Rule 65(b).

THEREFORE, for the reasons set forth above, Defendants respectfully request that the Court issue an order providing the following relief:

1. Confirm that the upcoming hearing will address only Plaintiffs' pending Motion for Temporary Restraining Order (D.E. 19) and not any broader or unfiled request for injunctive relief.

2. Set the hearing on one of Defendants' proposed dates, July 9, 10, or 13, 2026,[1] to ensure prompt and efficient resolution of the issues properly before the Court. Defendants anticipate the hearing to take half a day.

These steps will provide necessary procedural clarity, preserve judicial resources, and ensure that the litigation proceeds on the narrow, legally appropriate grounds presented at this preliminary stage.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Shannon Hoffert
SHANNON HOFFERT TN BPR 28430
MATTHEW DOWTY TN BPR 36070
ROBERT WILSON TN BPR 34492

One Commerce Square
40 S. Main St., Suite 1014
Memphis, TN 38103
(901) 543-9039
*Counsel for Defendants*

---

[1] Defendants did not originally propose July 13, 2026, as a possible hearing date to Plaintiffs but would present that date here for the Court's consideration if amenable for all parties.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was served by operation of the

Court's ECF/PACER system on this the 2nd day of July 2026, upon:

Bruce McMullen
Lori H. Patterson
Jerrick Murrell
Jennie Vee Silk
165 Madison Ave., Suite 2000
Memphis, TN 38103
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com
*Counsel for Plaintiffs Shelby County*
*Government & Shelby County*
*Board of Commissioners*

Allen J. Wade
Brandy S. Parrish
5050 Poplar Ave., Suite 1028
Memphis, TN 38157
awade@thewadefirm.com
bparrish@thewadefirm.com
*Counsel for Plaintiffs Shelby County*
*Board of Education, Michelle Robinson*
*McKissack, Natalie J. McKinney,*
*Stephanie P. Love, Sable Otley,*
*Keith Williams, Towanna Murphy,*
*Amber Huett-Garcia, Joyce Dorse*
*Coleman, & Tamarques Porter*

*/s/ Shannon Hoffert*

4