# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| SHELBY COUNTY GOVERNMENT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-00835 |
| | ) | Judge Crenshaw |
| BILL LEE, in his official capacity as | ) | Magistrate Judge Frensley |
| Governor of the State of Tennessee, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Plaintiffs' Response never answers Defendants' principal arguments. Plaintiffs fail to identify any basis to overcome sovereign immunity or to plausibly allege that the General Assembly acted with discriminatory purpose. Rather, they attempt to rewrite the Amended Complaint through new legal theories while sidestepping the pleading deficiencies that require dismissal. The Court should dismiss the Amended Complaint in its entirety.

## ARGUMENT

### I. Plaintiffs Fail to State an Equal Protection Claim (Counts One and Ten).

#### A. The Governor, Speakers, and Commissioner are not proper defendants.

Plaintiffs contend that the Governor, Speakers, and Commissioner are proper *Ex parte Young* defendants because the Accountability Act authorizes them to appoint Members to the Oversight Board. Pls.' Resp., ECF 37 ("Resp.") at 2617.[1] But appointment power is not enforcement authority. *Ex parte Young* is a "narrow exception" that applies only to officials responsible for enforcing the challenged law. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Courts therefore routinely reject suits against officials whose connection to a statute is the power to appoint or notify—even when the statue itself assigns that power. *See Balogh v. Lombardi*, 816 F.3d 536, 546 (8th Cir. 2016); *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020); *Ball by Burba v. Kasich*, 244 F. Supp. 3d 662, 674 (S.D. Ohio 2017); *Kelly v. Burks*, 414 F. Supp. 2d 681, 687 (E.D. Ky. 2006); *LensCrafters, Inc. v. Sundquist*, 184 F. Supp. 2d 753, 758–59 (M.D. Tenn. 2002). Plaintiffs identify no provision authorizing the Governor, Speakers, or Commissioner to enforce the Act's operative oversight provisions. Sovereign immunity therefore bars the claims against them.

---

[1] Pincites to the Court's electronic docket entries use the Page ID file-stamp pagination.

**B. The individual Plaintiffs fail to plausibly allege purposeful racial discrimination, and the Act survives rational-basis review.**

At the pleading stage, courts apply rational-basis review and presume that legislatures act in good faith. *Mixon v. State of Ohio*, 193 F.3d 389, 402–06 (6th Cir. 1999) (applying rational-basis review at the pleading stage in an equal protection challenge to a school district reform law); *United States v. Myrie*, 167 F.4th 876, 880 (6th Cir. 2026) ("Courts begin from the presumption that legislatures act in good faith."). Plaintiffs argue those principles apply only at later stages of litigation. Resp. at 2622-23, 2629. They do not. Courts routinely apply both in ruling on Rule 12(b)(6) motions, including in school-reform contexts. Defs.' Mem., ECF 31 at 297–301; *Walls v. Sanders*, 760 F. Supp. 3d 766, 772, 797–801 (E.D. Ark. 2024); *Assoc. for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, 617 F. Supp. 3d 358, 368–73 (D. Md. 2022).

To survive dismissal, Plaintiffs must plausibly allege that the General Assembly enacted the Act "because of," rather than "in spite of," any alleged racial effect. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–82 (2009) (quotation omitted); *Assoc. for Educ. Fairness*, 617 F. Supp. 3d at 366. Their complaint therefore must contain well-pleaded, nonconclusory facts plausibly suggesting discriminatory purpose. *Iqbal*, 556 U.S. at 680.

Plaintiffs offer none. Their reliance on legislative statements is unavailing because every statement they cite relating to race or targeting Memphis Shelby-County Schools ("MSCS") was made by legislators who *opposed* the Act. Resp. at 2628-29; Defs.' Mem., ECF 31 at 301. Courts "do not judge the intention of a bill's supporters by the characterization of its opponents." *Mich. State A. Philip Randolph Inst. v. Johnson*, 749 F. App'x 342, 351 (6th Cir. 2018). Plaintiffs identify no statement by any legislator who voted for the Act suggesting discriminatory purpose.

Plaintiffs' comparison to Hamilton County likewise fails. Hamilton County Schools' advisory board was created through a partnership with the Tennessee Department of Education,

not by the General Assembly. Legis. Rec., ECF 34-5 at 2519–20. And the Department's State Report Card—which the Court may consider on a motion to dismiss, *Bradley v. Jefferson Cnty. Pub. Sch.*, 598 F. Supp. 3d 552, 558 (W.D. Ky. 2022)—shows Hamilton County is itself a majority-minority district.[2] Simply put, Hamilton County is not a proper comparator.

Plaintiffs' audit-comparison theory fares no better. Audit findings alone do not trigger oversight. The Act applies only when a district satisfies four race-neutral statutory criteria. Tenn. Code Ann. § 40-1-616(a). Plaintiffs never allege that any another district met those criteria. The more obvious explanation for why MSCS is subject to the Act is that it alone satisfied the statutory prerequisites. *Iqbal*, 556 U.S. at 682; *see Moore v. Detroit Sch. Reform Bd.*, 293 F.3d 352, 369-70 (6th Cir. 2002); *Hearne v. Bd. of Educ.*, 185 F.3d 770, 776 (7th Cir. 1999). Without alleging similarly situated comparators, Plaintiffs fail to plausibly allege discriminatory treatment.

Plaintiffs' legislative "sequence" and "departure" theories similarly fail. Resp. at 2626-28. Novel legislation does not imply discrimination, and courts routinely reject the notion that changes in educational governance alone suggest discriminatory intent. *Moore*, 293 F.3d at 369-70; *Walls*, 760 F. Supp. 3d at 810.

Finally, Plaintiffs' statistical-disparity theory likewise fails because the Act is readily explained by race-neutral performance measures. Resp. at 2625; *see Spurlock v. Fox*, 716 F.3d 383, 401 (6th Cir. 2013) (noting that success on this theory is "rare"). Plaintiffs acknowledge that many majority-minority districts are not subject to the Act and never allege that their proposed comparators satisfy the Act's statutory criteria. Resp. at 2625–26. The more plausible explanation is performance-based oversight, not race. *Iqbal*, 556 U.S. at 682.

---

[2] *Tennessee School Report Cards, Hamilton County*, https://tdepublicschools.ondemand.sas.com/district/00330.

In short, Plaintiffs' allegations reflect disagreement with the General Assembly's policy judgment, not credible allegations of purposeful discrimination. Their Equal Protection claim never crosses the line from conceivable to plausible. *Iqbal*, 556 U.S. at 680. As a result, that claim should be dismissed.

## II. Plaintiffs' New Theories Cannot Be Considered and Fail Anyway.

Unable to cure the pleading deficiencies in their Amended Complaint, Plaintiffs advance three new theories in their response: (1) the Members are not state officials; (2) the Commissioner acted ultra vires by violating the Tennessee Uniform Administrative Procedures Act ("TUAPA"); and (3) Shelby County and the MSCS Board of Education have third-party standing. Pls.' Resp., ECF 37 ("Resp.") at 2618-22, 2629-39. None appears in the Amended Complaint. Plaintiffs may not amend their complaint through a response brief, *Faber v. Smith*, No. 17-2523, 2018 WL 6918704, at *2 (6th Cir. June 8, 2018), and in any event, these new theories fail.

### A. The Amended Complaint Alleges that the Members are State Officials.

Plaintiffs' first new theory is foreclosed by the Amended Complaint, which expressly alleges that the Members "are the state officers" who enforce the Act and "satisfy . . . *Ex parte Young*." Am. Compl., ECF 14 at 162 ¶ 391; at 167-69. Plaintiffs cannot avoid dismissal by contrasting those allegations in a response brief. *Faber*, 2018 WL 6918704, at *2.

### B. Plaintiffs' TUAPA theory is barred and independently defective.

Plaintiffs' TUAPA theory is likewise not properly before the Court. It is not an elaboration of any claim pleaded in the Amended Complaint, but an entirely new claim based on an alleged violation of Tennessee administrative law. Even if the Court considered it, the theory fails. Federal courts may not direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Gmeiner v. Kent*, --- F.4th ----, 2026

4

WL 1998638, at *9-10 (6th Cir. July 10, 2026).  And the TUAPA itself provides that such claims must be brought in Davidson County Chancery Court.  Tenn. Code Ann. §§ 4-5-223(a)(1), -225(a).

**C.      The County and MSCS Board lack third-party standing.**

Plaintiffs' third-party standing theory fares no better.  Third-party standing requires both a close relationship with the right-holder and a hindrance to the right-holder's ability to sue.  *Digit. Media Solutions, LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 782 (6th Cir. 2023).  Plaintiffs identify no such hinderance.  Indeed, the very students whose rights they seek to assert are already Plaintiffs here.  Their third-party standing theory therefore fails.

**CONCLUSION**

For these reasons and the reasons stated in Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF 31), the Court should grant Defendants' motion to dismiss.

5

Respectfully submitted,

**JONATHAN SKRMETTI**
Attorney General and Reporter

s/ Robert W. Wilson
SHANNON HOFFERT TN BPR 28430
Deputy Attorney General

ROBERT W. WILSON TN BPR 34492
MATTHEW DOWTY TN BPR 36070
Senior Assistant Attorneys General

One Commerce Square
40 S. Main St., Suite 1014
Memphis, TN 38103
(901) 543-9039
Shannon.Hoffert@ag.tn.gov
Robert.Wilson@ag.tn.gov
Matthew.Dowty@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served by operation of the

Court's ECF/PACER system on this the 27th day of July 2026, upon:

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

Bruce McMullen
Lori H. Patterson
Jerrick Murrell
Jennie Vee Silk
165 Madison Ave., Suite 2000
Memphis, TN 38103

6

bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com
*Counsel for Plaintiffs Shelby County
Government & Shelby County
Board of Commissioners*

**THE WADE LAW FIRM, PLLC**

Allan J. Wade
Brandy S. Parrish
5050 Poplar Ave., Suite 1028
Memphis, TN 38157
awade@thewadefirm.com
bparrish@thewadefirm.com
*Counsel for Plaintiffs Shelby County
Board of Education, Michelle Robinson
McKissack, Natalie J. McKinney,
Stephanie P. Love, Sable Otley,
Keith Williams, Towanna Murphy,
Amber Huett-Garcia, Joyce Dorse
Coleman, & Tamarques Porter*

<u>s/ Robert W. Wilson</u>
Robert W. Wilson
Senior Assistant Attorney General

7