# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| SHELBY COUNTY GOVERNMENT, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| | ) | |
|    v. | ) | No. 3:26-cv-00835 |
| | ) | Judge Crenshaw |
| BILL LEE, in his official capacity as | ) | Magistrate Judge Frensley |
| Governor of the State of Tennessee, et al. | ) | |
| | ) | |
|    Defendants. | ) | |

## DEFENDANTS' NOTICE OF POSITION
## REGARDING LIMITED DISCOVERY AND AN EVIDENTIARY HEARING AS TO
## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The Court has asked whether limited discovery or an evidentiary hearing is "necessary" before ruling on Plaintiffs' motion for a preliminary injunction. Order, ECF 39 at 2680.[1] As Defendants explain, the answer to both questions is no.

Plaintiffs' shifting legal theories show why discovery or an evidentiary hearing is not necessary. They have repeatedly abandoned prior positions, conceded that most of their claims are barred, and introduced new theories that contradict their pleadings. Their preliminary injunction motion also does not rest on stable grounds. They admit that they require the Court's leave to file a new complaint to support the extraordinary relief they seek. Plaintiffs' ever-changing positions have not refuted, and cannot refute, Defendants' consistent legal position that this Court lacks jurisdiction over virtually all of their claims. And Plaintiffs' requests for limited

---

[1] Pincites to the Court's electronic docket entries use the Page ID file-stamp pagination.

discovery bear little relation to the only claim the Court does have jurisdiction over: their bare-bones Equal Protection claim. The Court should deny Plaintiffs' request for limited discovery or an evidentiary hearing.

## BACKGROUND

Earlier this year, the General Assembly enacted the Tennessee Public Schools Accountability Act. ECF 34-1; *see* Tenn. Code Ann. § 49-1-616. Under the Act, a school district must have an Educational Oversight Board appointed over the district if it meets four of six statutory factors. Tenn. Code Ann. § 49-1-616(a)-(b). These factors include the district's academic underperformance, internal control deficiencies, and leadership instability. *Id.* § 49-1-616(a).

A month after the Governor signed the Act into law, Plaintiffs—Shelby County, Memphis-Shelby County Schools ("MSCS"), and its board members—filed suit, claiming that the Act violates the Fourteenth Amendment's Equal Protection Clause and various provisions of Tennessee law. Am. Compl., ECF 14 at 139-63. According to Plaintiffs, MSCS "is the only [school district] in Tennessee that currently satisfies all six criteria." *Id.* at 115.

Hours before MSCS's appointed Educational Oversight Board began operating in the district, Plaintiffs moved for a temporary restraining order. ECF 19. And hours later, the Court ordered the parties to "maintain the **STATUS QUO** before [the Act's] enactment." ECF 22 at 260. The next day, Plaintiffs asserted that the Court "grant[ed]" their motion, asked for the order's extension, and requested permission to issue "five to six targeted document requests" and conduct "two to three depositions" as "necessary for the preliminary injunction hearing." Pls.' Notice, ECF 23 at 263-64.

But since then, Plaintiffs have abandoned most of those positions. After Defendants moved to dissolve the status quo order (ECF 32), Plaintiffs admitted that the Court did not grant their motion. Pls.' Resp. ECF 38 at 2646-47.[2] In responding to Defendants' motion to dismiss (ECF 33), Plaintiffs conceded that most of their claims were barred (ECF 37 at 2630 n.5), asserted new claims not raised in their complaint, and contradicted their prior pleadings (*id.* at 2629-39; Defs.' Reply, ECF 41 at 2693-94).

Now, Plaintiffs seek a preliminary injunction. Pls. Mot., ECF 42. In doing so, they declare that they are likely to show that the Commissioner for the Tennessee Department of Education acted "ultra vires" in violation of Tennessee's Uniform Administrative Procedures Act (UAPA) by notifying State Officers that MSCS must receive an Oversight Board. Pls.' Mem., ECF 43 at 2716-19. But that claim is not properly before the Court, as Plaintiffs acknowledge that they need the Court's leave to file a complaint "that underlies the claims addressed in th[eir] motion." Pls.' Mem., ECF 43 at 2712. And rather than issue only five to six targeted discovery requests, Plaintiffs now want permission to seek broad discovery on five "categories." *Id.* at 2723.

**DEFENDANTS' POSITION**

Despite Plaintiffs' fluctuating legal theories, they have yet to offer any credible counterargument to Defendants' Rule 12(b) challenges. Those challenges, would necessarily defeat Plaintiff's Motion, and that fact alone counsels against any conclusion that discovery or an evidentiary hearing is "necessary" at all to rule on Plaintiffs' motion. Order, ECF 39 at 2680.

---

[2] Even if the Court had granted Plaintiffs' motion and extended it, the 28-day window has lapsed. Fed. R. Civ. P. 65(b)(2).

3

Plaintiffs' ultra vires and UAPA claims turn on a question of law, and any information they seek about their equal protection challenge is either publicly available or already in their possession.

Reviewing Plaintiffs' five "categories" of discovery underscores the point:

**Commissioner's Determination and Administrative Record.** Plaintiffs ask for information about the Commissioner's "determination and administrative record" as to their ultra vires and UAPA claims. Pls.' Mem., ECF 43 at 2723. Even if they were properly before the Court, Plaintiffs' claims are foreclosed:

- *First*, the Sixth Circuit held just weeks ago that sovereign immunity bars State-law based ultra vires claims in federal court. *Gmeiner v. Kent*, --- F.4th ----, 2026 WL 1998638, at *9-10 (6th Cir. July 10, 2026); Defs.' Reply, ECF 41 at 2693-94; and

- *Second*, the "chancery court" has exclusive jurisdiction over UAPA claims. Tenn. Code Ann. §§ 4-5-225(a); -322(b).

As Defendants have argued, even if the Court considers Plaintiffs' unasserted claims, they must be dismissed for lack of jurisdiction. Defs.' Reply, ECF 41 at 2693-94. None of the information sought by Plaintiffs is relevant to the jurisdictional issue. The Court should resolve that challenge before allowing discovery.

**Comptroller and Forensic Audit**. Plaintiffs also request information from the Comptroller and the audit firm. Pls.' Mem., ECF 43 at 2723. But Plaintiffs do not explain why any of that is necessary here. Their complaint alleges that the audit found "record management and documentation deficiencies." Am. Compl., ECF 14 at 121 ¶ 108. And that satisfies one of the Accountability Act's factors. Tenn. Code Ann. § 49-1-616(a)(5).

Plaintiffs cannot claim surprise about the forensic audit either. Plaintiffs Shelby County Government and its Board of Commissioners passed a resolution requesting it (ECF 34-7) and

4

multiple Commissioners asked the Comptroller to partner with them in auditing MSCS (ECF 34-3).  Discovery as to this category is not necessary, because the information sought is not relevant to any claim over which the Court has jurisdiction.

**MSCS Financial Reports and Correspondence.**  Plaintiffs seek information about reports they themselves submitted and correspondence they themselves received.  Pls.' Mem., ECF 43 at 2723.  Discovery on this category is not needed.

**Publicly Available Comparative District Data.**  Plaintiffs have shown no basis for seeking discovery on information that is publicly available.  *Id.*  The Department of Education's State Report Card contains proficiency, absenteeism, and letter-grade metrics relevant to the Act.  *See* Tenn. Code Ann. § 49-1-616(a)(1)-(4).  The Department's priority-school designations and comptroller audits are also publicly available online.  *See id.*

**Department's Role in Legislation**.  Finally, Plaintiffs seek information about the Department's "role" in setting the Act's criteria.  Pls.' Mem., ECF 43 at 2723.  That invades the General Assembly's legislative privilege.  *See Kent v. Ohio House of Rep. Democratic Caucus*, 33 F.4th 359, 365 (6th Cir. 2022) (quotation omitted).  And Plaintiffs alleged that the Department was not consulted anyway.  Am. Compl., ECF 14 at 123 ¶ 123.

In sum, neither limited discovery nor an evidentiary hearing is necessary here.  Should the Court schedule a hearing for argument, Defendants suggest a target date in mid-August to early September.  The hearing need only last half a day.

Respectfully submitted,

**JONATHAN SKRMETTI**
Attorney General and Reporter

s/ Robert W. Wilson
SHANNON HOFFERT TN BPR 28430
Deputy Attorney General

ROBERT W. WILSON TN BPR 34492
MATTHEW DOWTY TN BPR 36070
Senior Assistant Attorneys General

One Commerce Square
40 S. Main St., Suite 1014
Memphis, TN 38103
(901) 543-9039
Shannon.Hoffert@ag.tn.gov
Robert.Wilson@ag.tn.gov
Matthew.Dowty@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served by operation of the

Court's ECF/PACER system on this the 30th day of July 2026, upon:

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

Bruce McMullen
Lori H. Patterson
Jerrick Murrell
Jennie Vee Silk
165 Madison Ave., Suite 2000
Memphis, TN 38103
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com
*Counsel for Plaintiffs Shelby County*
*Government & Shelby County*

6

*Board of Commissioners*

**THE WADE LAW FIRM, PLLC**

Allan J. Wade
Brandy S. Parrish
5050 Poplar Ave., Suite 1028
Memphis, TN 38157
awade@thewadefirm.com
bparrish@thewadefirm.com
*Counsel for Plaintiffs Shelby County*
*Board of Education, Michelle Robinson*
*McKissack, Natalie J. McKinney,*
*Stephanie P. Love, Sable Otley,*
*Keith Williams, Towanna Murphy,*
*Amber Huett-Garcia, Joyce Dorse*
*Coleman, & Tamarques Porter*

s/ Robert W. Wilson
Robert W. Wilson
Senior Assistant Attorney General

7