In light of the Defendants' Notice (Docket No. 50), the Motion is GRANTED. The Defendants shall file their motion to dismiss by August 14, 2026. Plaintiffs shall respond to the motion to dismiss by August 21, 2026. Any optional reply shall be filed by August 26, 2026.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHELBY COUNTY GOVERNMENT, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 3:26-cv-00835 |
| | ) |
| v. | ) Judge Waverly D. Crenshaw, Jr. |
| | ) |
| BILL LEE, in his official capacity as | ) Magistrate Judge Jeffery S. Frensley |
| Governor of the State of Tennessee, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, Shelby County Government; Shelby County Board of Education operating as Memphis-Shelby County Schools; the Board of County Commissioners of Shelby County; Michelle Robinson McKissack; Natalie J. McKinney; Stephanie P. Love; Tamarques Porter; Sable Otey, individually and on behalf of her minor children A.O. and R.O.; Keith Williams, Towanna Murphy, individually and on behalf of her minor child E.R.; Amber Huett-Garcia; and Joyce Dorse Coleman (collectively, "Plaintiffs"), respectfully seek leave from the Court to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15. As directed by Local Rule 15.01(a)(1), a signed copy of the proposed Second Amended Complaint is submitted herewith as **Exhibit A**. In support of this Motion, Plaintiffs rely upon the following Memorandum of Law.

## I.      THE PROPOSED AMENDMENTS

The Second Amended Complaint clarifies which Defendants are subject to which claims. This clarification ensures that each Defendant has fair notice of the specific claims and theories of relief asserted against them and streamlines the litigation going forward.

1

Additionally, the Second Amended Complaint explicitly alleges that Plaintiffs Shelby County Government and Memphis-Shelby County Board of Education bring Count One—the federal Equal Protection claim—on behalf of the students of MSCS. This amendment clarifies the basis for third-party standing.

Third, the Second Amended Complaints removes several claims that Tennessee Code Annotated § 49-1-616 ("the Act") violates the Tennessee Constitution.

Finally, the Second Amended Complaint adds new factual allegations establishing that Commissioner Reynolds and the Tennessee Department of Education violated the UAPA, Tenn. Code Ann. § 4-5-101 *et. seq.* Commissioner Reynolds implemented the standards of the Act against MSCS before the Tennessee Department of Education promulgated any rules regarding how the standard of Public Chapter 1057 must implemented as required by the UAPA. In so doing, Commissioner Reynolds acted *ultra vires* and is not protected by Eleventh Amendment immunity.

## II.  LEGAL STANDARD

It is well-settled that leave to amend pleadings should be freely given. *Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 934–35 (M.D. Tenn. 2008) (quoting Fed. R. Civ. P. 15(a) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Federal Rule of Civil Procedure 15 provides:

> **(a) Amendments Before Trial.**
>
> . . .
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2) (emphasis in original).

"The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) Accordingly, leave to amend should only be denied upon "a showing of undue delay, bad faith or

2

dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment." *Dyer*, 532 F. Supp. 2d at 934–35 (citing *Foman*, 371 U.S. at 182). More specifically, the factors that a district court should consider in addressing a request for leave to amend "include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

### III. AMENDING THE COMPLAINT IS APPROPRIATE UNDER THE CIRCUMSTANCES.

#### A. The Motion for Leave Is Timely, and Amending the Complaint Will Not Improperly Delay Adjudication of This Case.

Plaintiffs seek leave to amend promptly and well within the timeframe contemplated by the Federal Rules. This case was filed on June 25, 2026. (ECF No. 1.) The First Amended Complaint was filed shortly thereafter. (ECF No. 14.) This Motion is filed less than one month after the initial filing, before any scheduling order has been entered, and before any discovery has commenced. Under these circumstances, no undue delay exists. *See Dyer*, 532 F. Supp. 2d at 935 (finding no undue delay where motion to amend was filed prior to the deadline for amendments and well in advance of the discovery and dispositive motion deadlines).

#### B. Leave to Amend Is Sought in Good Faith and Not for Any Improper Purpose.

Plaintiffs seek leave to amend for the legitimate purpose of clarifying existing claims, strengthening the factual record, and ensuring that this Court and the Defendants have the clearest possible understanding of the claims at issue. These are paradigmatic good-faith amendments designed to sharpen the issues for adjudication. There is no dilatory motive: Plaintiffs filed this Motion at the earliest practicable time after identifying the need for these clarifications, and the

3

proposed amendments will facilitate rather than hinder the efficient resolution of this case on the merits. *See Foman*, 371 U.S. at 182 (holding that leave to amend shall be freely).

**C.**     **The Proposed Amended Complaint Is Not Futile.**

A proposed amendment is futile only if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Here, the proposed amendments are far from futile. The proposed amendment clarifies and narrows the existing claims. It ensures that each Defendant has fair notice of the specific claims against them. It removes claims that are barred by *Pennhurst*, adds allegations to explicitly establish third party standing, and adds allegations to further support Plaintiffs' claim for declaratory relief. None of the proposed amendments render the Second Amended Complaint unlikely to survive a motion to dismiss. Defendants cannot meet the high burden of establishing futility at this stage. *See Dyer*, 532 F. Supp. 2d at 935–37 (granting leave to amend where proposed claims were not clearly futile).

**D.**     **Defendants Will Not Be Unduly Prejudiced by the Amendment.**

Defendants face no prejudice by allowing the amendment. The identification of Defendants by claim merely identifies which constitutional and statutory provisions they are alleged to have violated in their respective official capacities. The standing clarification reflects the institutional relationships already apparent from the existing First Amended Complaint. And the UAPA allegations involve facts within Defendants' own knowledge—the Commissioner's letter, the TDOE's status as an agency, and the absence of any rulemaking—which require no additional discovery beyond what Defendants already possess. "[N]o unfair prejudice exists from amended pleadings simply because the opposing party would have to defend against new or better pleaded claims." *Prime Finish, LLC v. ITW Deltar, IPAC*, No. 5:08-438, 2016 WL 7911331, at *3 (E.D.

Ky. Apr. 28, 2016). Granting leave here will cause no unfair surprise and impose no undue burden on Defendants

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant its Motion for Leave to File Second Amended Complaint.

Dated: July 28, 2026.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/ Bruce McMullen*

Bruce McMullen (Tenn. Bar #18126)
Lori H. Patterson (Tenn. Bar #19848)
Jerrick Murrell (Tenn. Bar #34368, admitted *pro hac vice*)
Jennie Vee Silk (Tenn. Bar #35319)

165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Fax: (901) 577-2303
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com

*Counsel for Plaintiffs Shelby County Government and Shelby County Board of Commissioners*

THE WADE LAW FIRM, PLLC

Allan J. Wade (Tenn. Bar # 4339, *admitted pro hac vice)*
Brandy S. Parrish (Tenn. Bar # 21631, *admitted pro hac vice)*
5050 Poplar Ave., Suite 1028
Memphis, Tennessee 38157
Telephone: 901.322.8005
awade@thewadelawfirm.com
bparrish@thewadefirm.com

5

*Counsel for Plaintiffs Shelby County Board of Education, Michelle Robinson McKissack, Natalie J. McKinney, Stephanie P. Love, Sable Otey, Keith Williams, Towanna Murphy, Amber Huett-Garcia, Joyce Dorse Coleman, and Tamarques Porter*

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, hereby certify that on July 23 2026, the undersigned consulted with counsel for the Defendants, Robert Wilson, via email regarding the relief sought in this Motion. On July 24, 2026, Mr. Wilson stated: "We are unlikely to oppose the motion requesting leave, but we can't give you a definitive answer without seeing the proposed complaint."

*/s/ Bruce McMullen*
Bruce McMullen

6