IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHELBY COUNTY GOVERNMENT**, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:26-cv-00835 |
| | ) | |
| v. | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | |
| **BILL LEE,** in his official capacity as Governor of the State of Tennessee, et al., | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY AND TO CONTINUE EVIDENTIARY HEARING**

Plaintiffs, Shelby County Government; Shelby County Board of Education operating as Memphis-Shelby County Schools; the Board of County Commissioners of Shelby County; Michelle Robinson McKissack; Natalie J. McKinney; Stephanie P. Love; Tamarques Porter; Sable Otey, individually and on behalf of her minor children A.O. and R.O.; Keith Williams; Towanna Murphy, individually and on behalf of her minor child E.R.; Amber Huett-Garcia; and Joyce Dorse Coleman (collectively, "Plaintiffs"), respectfully move the Court for an Order (1) directing the parties to engage in discovery in advance of the evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction and (2) continuing the hearing on Plaintiffs' Motion for Preliminary Injunction currently set for Friday, October 2, 2026 at 1:00 p.m. to another date after the parties have completed necessary discovery to prepare for the hearing. In support of this Motion, Plaintiffs respectfully state as follows:

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

The Court has entered an Order that it will hear oral arguments on four pending motions on October 2, 2026. Plaintiffs are prepared to argue the Motion for Temporary Restraining Order, the Motion to Dissolve, and the Motion to Dismiss. However, with regard to their Motion for a Preliminary Injunction, Plaintiffs have always intended and requested that this Motion would be presented at an evidentiary hearing as contemplated by Federal Rule of Civil Procedure 65. To this end, Plaintiffs should be allowed to conduct limited discovery in order to present evidence in support of this motion. Alternatively, Plaintiffs at least should be allowed to present live evidence at the hearing on the motion for Preliminary Injunction without the aid of discovery.[1]

For reasons of judicial efficiency and fairness, we request the Court to order limited discovery in advance of any hearing as to the merits of Plaintiffs' Motion for Preliminary Injunction. The procedural history of this matter to date indicates that such discovery has always been contemplated by this Court:

- On July 6, 2026 Order, the Court directed the Parties to discuss with the Magistrate Judge "the extent of the limited discovery necessary to prepare a hearing on the [M]otion [for Preliminary Injunction]." (ECF No. 25, PageID 272.)
- On July 24, 2026, the Magistrate Judge held a case management conference. In an Order following the conference, the Court directed the parties to "meet and confer and be prepared to discuss whether an evidentiary hearing is necessary and the extent of any limited discovery necessary to prepare for any hearing on the [preliminary injunction] motion" at the next status conference set for July 31, 2026. (ECF No. 39, PageID 2680.)

[1] If this is the case Plaintiffs will present witnesses and documents in their own custody and control and will also subpoena Defendants and representatives of the State of Tennessee.

- On July 30, 2026, the parties filed separate status updates regarding the issue of the Motion for Preliminary Injunction, including the need for discovery and a hearing. (ECF Nos. 46, 47.) Plaintiffs' report presented a reasonable, limited discovery schedule, including the specific topics to be addressed, limitations on discovery requests and depositions, a deadline for supplemental briefing, and suggested dates for an evidentiary hearing. (ECF No. 46.) Defendants, however, declined to participate in any discovery, instead arguing that neither discovery nor an evidentiary hearing is necessary while Defendants' Rule 12(b) Motion to Dismiss remains pending. (ECF No. 47.)

Due to Defendants' refusal to participate in discovery or agree to a scheduling order related to resolving the Motion for Preliminary Injunction, the Magistrate Judge entered an Order on August 3, 2026, "defer[ring] entry of a scheduling order and recommended target hearing date until such time as the Court has addressed the Plaintiff's motion to amend their [First Amended] Complaint and jurisdictional issues raised by the Defendants." (ECF No. 48.) On August 10, 2026, the Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint and set a briefing schedule for Defendants' anticipated motion to dismiss. (ECF Nos. 52–54.) As of August 26, 2026, Defendants' Motion to Dismiss is fully briefed. (ECF No. 62.)

On September 14, 2026, the Court entered an Order (ECF No. 66, PageID #3160) setting oral argument on four pending motions: Plaintiffs' Motion for Temporary Restraining Order and Motion for Emergency Hearing (ECF No. 19), Defendants' Motion to Dissolve the July 1, 2026 Order (ECF No. 32), Plaintiffs' Motion for Preliminary Injunction (ECF No. 42), and Defendants' Motion to Dismiss (ECF No. 58). On September 18, 2026, upon an unopposed motion by the Plaintiffs, the Court reset the oral argument to October 2, 2026 at 1:00 p.m. (ECF Nos. 71, 72.)

Plaintiffs respectfully submit that oral argument on the Motion for Preliminary Injunction should be continued until after Plaintiffs have the benefit of completing limited discovery. Alternatively, we request that the Court separately set the Motion for Preliminary Injunction hearing so that the Parties have ample to time to present evidence and examine witnesses.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d), a district court may order expedited discovery. *SB Initiative, Inc. v. Cheekwood Botanical Garden & Museum of Art*, No. 3:24-CV-00821, 2024 WL 7001973, at *1 (M.D. Tenn. Sept. 18, 2024) (quoting *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009)). "Although not explicitly required under the . . . Rules . . . or binding caselaw, when reviewing a request for early discovery, courts often consider whether the requesting party has demonstrated 'good cause.'" *Simpson v. Doe #1-2*, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2021)); *see also SB Initiative, Inc.,* 2024 WL 7001973, at *2.

"[E]xpedited discovery . . . may be appropriate in cases in which a preliminary injunction is sought." *Wilson v. Gordon*, No. 3:14-1492, 2014 WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014) (citing 1993 Advisory Committee Notes, Fed. R. Civ. P. 26). "In determining whether good cause exists, courts generally consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made. *Axle Logistics, LLC v. Pascente*, No. 3:25-CV-1-TAV-DCP, 2025 WL 366635, at *3 (E.D. Tenn. Jan. 31, 2025) (quotation omitted). Ultimately, the decision to permit expedited discovery is within the district court's discretion. *SB Initiative, Inc.,* 2024 WL 7001973, at *2.

## III. ARGUMENT

As a threshold matter, the Court has always contemplated the need for limited discovery in this case. (*See* ECF No. 25.) Despite Defendants' assertion otherwise, the question has never been whether discovery is necessary at all, but what limited discovery is appropriate. To be sure, in the Court's July 6, 2026 Order, the parties were directed to discuss with the Magistrate Judge not whether limited discovery was necessary but rather "the extent of the limited discovery necessary to prepare a hearing on the [M]otion [for Preliminary Injunction]." (ECF No. 25, PageID 272.) Further, the Court went on to direct the parties to complete the limited discovery before the Motion for Preliminary Injunction was briefed. (*Id.* ("With the Magistrate Judge's approval, the parties shall set an agreed-upon briefing schedule so that the motion is briefed after the limited discovery is completed[.]").)[2]

Further, all relevant considerations weigh in favor of allowing limited discovery. *See Axle Logistics*, 2025 WL 366635, at *3 (listing factors). The first factor, whether a preliminary injunction is pending, weighs decidedly in Plaintiffs' favor in light of the pending Motion for Preliminary Injunction (ECF Nos. 42, 43.) The second and third factors, the scope and purpose of the requested discovery, also weigh in Plaintiffs' favor. Plaintiffs set forth their proposed discovery on July 30, 2026 in Plaintiffs' Proposed Schedule for Preliminary Injunction, which included 4 to 5 document requests to a total of 3 witnesses and 3 to 5 depositions of five identified potential witnesses. (ECF No. 46.) This proposed discovery is limited and narrowly tailored to address the factual disputes at issue in the Motion for Preliminary Injunction. In fact, at the July 31 case

---

[2] *See also* Chief Judge Waverly D. Crenshaw, Jr., *Judicial Preferences*, MIDDLE DISTRICT OF TENNESSEE, at No. 25 (revised June 19, 2025), available at https://www.tnmd.uscourts.gov/sites/tnmd/files/Judicial%20Preferences%2020250619.pdf ("Expedited discovery and briefing is allowed before a preliminary injunction hearing").

management conference, the Magistrate Judge described Plaintiffs' Proposed Schedule for Preliminary Injunction as appropriate and reasonable.

The fourth factor, the burden of Defendants to comply with the discovery requests, is at best neutral for Defendants. Only one of the Defendants would be subject to discovery requests, and the other requests would be served on non-parties. Likewise, Plaintiffs are seeking a deposition from only one of the Defendants at this stage, and all other deponents are third party witnesses. Finally, the fifth factor, how far in advance of the typical discovery process the request was made, weighs in Plaintiffs' favor, as Plaintiffs have been requesting this discovery since July, months before the parties are required to engage in a Rule 26(f) conference. *See Axle Logistics*, 2025 WL 366635, at *4 ("With respect to the final factor, Plaintiff filed the motion weeks before the deadline by which the parties must participate in the Rule 26(f) planning meeting, which weighs in its favor.").

Thus, all five factors weigh in favor of permitting limited, expedited discovery in advance of any hearing on Plaintiffs' Motion for Preliminary Injunction.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court continue the hearing on Plaintiffs' motion for preliminary injunction and order the parties to conduct limited discovery. Alternatively, Plaintiffs request an additional day for the hearing on the Motion for Preliminary Injunction so that Plaintiffs will have ample time to present evidence and examine witnesses.

Dated: September 24, 2026.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/ Bruce McMullen*

Bruce McMullen (Tenn. Bar #18126)
Lori H. Patterson (Tenn. Bar #19848)
Jerrick Murrell (Tenn. Bar #34368, admitted *pro hac vice*)
Jennie Vee Silk (Tenn. Bar #35319)

165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Fax: (901) 577-2303
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com

*Counsel for Plaintiffs Shelby County Government and Shelby County Board of Commissioners*

THE WADE LAW FIRM, PLLC

Allan J. Wade (Tenn. Bar #4339, *admitted pro hac vice)*
Brandy S. Parrish (Tenn. Bar #21631, *admitted pro hac vice)*
5050 Poplar Ave., Suite 1028
Memphis, Tennessee 38157
Telephone: 901.322.8005
awade@thewadefirm.com
bparrish@thewadefirm.com

*Counsel for Plaintiffs Shelby County Board of Education, Michelle Robinson McKissack, Natalie J. McKinney, Stephanie P. Love, Sable Otey, Keith Williams, Towanna Murphy, Amber Huett-Garcia, Joyce Dorse Coleman, and Tamarques Porter*

## CERTIFICATE OF CONSULTATION

I hereby certify that on September 24, 2026, counsel for Plaintiffs consulted with counsel for the Defendants, Robert Wilson, via email regarding the relief sought in this Motion. Defendants oppose the relief requested herein.

*/s/ Bruce McMullen*
Bruce McMullen