**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

---

| | | |
|---|---|---|
| **SHELBY COUNTY GOVERNMENT**; **SHELBY COUNTY BOARD OF EDUCATION** operating as **MEMPHIS-SHELBY COUNTY SCHOOLS**, a public school district; **THE BOARD OF COUNTY COMMISSIONERS OF SHELBY COUNTY, TENNESSEE**; **MICHELLE ROBINSON MCKISSACK**, in her individual and official capacities; **NATALIE J. MCKINNEY**, in her individual and official capacities; **STEPHANIE P. LOVE**, in her individual and official capacities; **TAMARQUES PORTER**, in his individual and official capacities; **SABLE OTEY**, in her individual and official capacities and on behalf of her minor children **A.O.** and **R.O.**; **TOWANNA MURPHY**, in her individual and official capacities and on behalf of her minor child **E.R.**; and **JOYCE DORSE COLEMAN**, in her individual and official capacities,<br><br>Plaintiffs,<br><br>v.<br><br>All members of the **EDUCATIONAL OVERSIGHT BOARD OF MEMPHIS-SHELBY COUNTY SCHOOLS** including **BILLY ORGEL**, in his official capacity; **SHANEA McKINNEY**, in her official capacity; **NISHA POWERS**, in her official capacity; **DEDRICK BRITTENUM JR.**, in his official capacity; **TYRONE BURROUGHS**, in his official capacity; **DORSEY HOPSON**, in his official capacity; **DAVID MANSOURI**, in his official capacity; **BEVERLY ROBERTSON**, in her official capacity; and **KAREN VOGELSANG**, in her official capacity,<br><br>Defendants. | ) | Case No. 3:26-cv-00835<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Jeffery S. Frensley |

---

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiffs submit this Reply in Support of their Motion for Leave to File Third Amended Complaint (ECF No. 81). In support, Plaintiffs state as follows:

### I. THE STUDENT PLAINTIFFS HAVE STANDING BASED ON A CONSTITUTIONAL INJURY

Defendants argue that the Student Plaintiffs lack a concrete, particularized, and imminent injury. (ECF No. 84, PageID # 3377.) But Defendants have cherry-picked allegations that are incidental to the fundamental injury asserted—that discriminatory legislation has singled out students in Memphis Shelby County Schools ("MSCS") because of their race in violation of the Equal Protection Clause.

The Student Plaintiffs assert the right to be free from discriminatory legislation under the Equal Protection Clause. (ECF No. 81-1, ¶¶ 223–233, 255–260.) When the government classifies persons by race—whether explicitly or through a facially neutral scheme adopted because of its racial impact—each person subject to that classification suffers an injury in fact. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993) ("The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit."); *see also Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718–19 (2007). And for purposes of standing, the Court must accept as true all material allegations of the complaint, including that Public Chapter 1057 was motivated in part because of race. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Additionally, the proposed Third Amended Complaint alleges that, unlike similarly situated students in majority-white districts, the Student Plaintiffs, because of Public Chapter 1057, suffer the diversion of educational resources to fund the Oversight Board's members, staff, and separate counsel from MSCS funds; instability in the operation of their schools as the Oversight Board assumes power to reject budgets and contracts and to terminate the superintendent at will; and the stigma of being singled out as the sole object of a "Memphis School Takeover." (ECF No. 81-1, ¶¶ 228–229.) These injuries are actual and ongoing. The triggering determination has issued, and the Oversight Board has been appointed and organized. (*Id.* ¶ 230.) The Student Plaintiffs have injuries in fact and Article III standing.

## II. THE SCHOOL-BOARD PLAINTIFFS HAVE THIRD-PARTY STANDING

The County, MSCS, and the Individual Board Members satisfy all three elements required to establish third-party standing. *See Powers v. Ohio*, 499 U.S. 400, 411 (1991). First, the County, MSCS, and the Individual Board Members have suffered concrete, particularized injuries. MSCS and the Individual Board Members have suffered complete displacement of their elected school board's governing authority: budget adoption, superintendent hiring, contract approval, and policy-setting have all been transferred to the state-appointed Oversight Board. (ECF No. 81-1, ¶¶ 63–89, 234–240.) The County has suffered the subordination of its independent fiscal authority through Public Chapter 1057's budget cascade mechanism, which prevents the County Commission from adopting its annual budget until the Oversight Board approves the school budget. (ECF No. 81-1, ¶¶ 149–156, 241–243.) These injuries are actual, imminent, and particularized.

Defendants incorrectly assert that the Plaintiffs conceded at an October 2, 2026 hearing that the County and MSCS have no cognizable injury. (ECF No. 84, PageID # 3381–82.) Plaintiffs made no such concession. In the portion of the hearing transcript cited by Defendants, counsel for

Plaintiffs explicitly stated, "[w]e are alleging that all plaintiffs have standing" and the standing of MSCS and the County is "[t]hird-party standing." (ECF No. 80, PageID # 3277–78.) Furthermore, the cases relied on by Defendants discuss the governmental structure of political subdivisions and their relationship to state governments but say nothing regarding standing for local governmental bodies based on a cognizable injury. *See Hunter v. City of Pittsburgh*, 207 U.S. 161, 178–79 (1907); *City of Trenton v. New Jersey*, 262 U.S. 182, 186–88, 192 (1923). Defendants conflate two distinct questions. The first prong of third-party standing asks only whether the third-party litigant has suffered an Article III injury in fact—not whether the third-party litigant holds a Fourteenth Amendment right of its own. *Powers*, 499 U.S. at 411.

Second, Defendants baldly assert that MSCS and the County "lack a sufficiently close relationship with the students they purport to represent." (ECF No. 84, PageID # 3382.) That blatantly ignores well-established case law holding that school boards and governmental entities may invoke third-party standing on behalf of students. In *Akron Bd. of Ed. v. State Bd. of Ed. of Ohio*, the Sixth Circuit held that a local board of education had standing to litigate the constitutional rights of students based on "a close relationship between the plaintiffs who seek to bring an action and the class of persons whose constitutional rights are claimed to be violated." 490 F.2d 1285, 1289 (6th Cir. 1974); *see also Kelley v. Metro. Cnty. Bd. of Educ. of Nashville & Davidson Cnty., Tenn.*, 836 F.2d 986, 998 (6th Cir. 1987) (stating that a local school board can seek to enjoin a state agency from taking a step "that would tend to deprive [the local body's] school students of their constitutional right to attend nonsegregated schools"); *Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*, No. 11-2101, 2011 WL 3444059, at *20 (W.D. Tenn. Aug. 8, 2011) (holding that the School Board had "standing to sue in a representative capacity on behalf of Memphis schoolchildren affected by the defendants' actions").

MSCS and the Individual Board Members share one of the closest possible relationships with the schoolchildren in the district. MSCS and the School Board control their educational environment, curriculum, funding, teacher employment, school facilities, and every aspect of their educational experience. The County provides, in large part, the funding for those schoolchildren's education. This close relationship is precisely the type the Sixth Circuit found sufficient in *Akron Bd. of Ed.* And Defendants' assertion that Plaintiffs' interests conflict with those of the students because Public Chapter 1057 could potentially benefit them (ECF No. 84, PageID # 3382–83) is irrelevant. If Public Chapter 1057 was motivated in part by race, it is invalid under the Equal Protection Clause. Further, and more importantly, Defendants' purported conflict-of-interest theory rests entirely on their own characterizations of alleged "fraud, waste, and deficient academic performance"—factual assertions that appear nowhere in the proposed Third Amended Complaint. Because futility is measured by whether the proposed amended complaint could withstand a motion to dismiss, the Court must accept Plaintiffs' well-pleaded allegations as true and may not resolve the third-party standing inquiry on Defendants' competing version of the facts.

Third, MSCS students face significant hindrances in their ability to protect their own interests. Courts have found the following to constitute a hindrance: "deterrence from filing suit due to privacy concerns, imminent mootness of a case, or systemic practical challenges to pursuing one's own rights." *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017). Here, there are obvious systemic practical challenges for the schoolchildren of this district in pursuing their own rights, including the substantial expense of litigation and uncertainty about whether MSCS or the State is responsible for educating MSCS students. Moreover, MSCS students face the risk of mootness as students graduate or leave the district, and Public Chapter 1057's and Public Chapter 818's prohibitions on MSCS funding any challenge present an additional barrier to

students seeking to assert their rights against the Oversight Board. The presence of three Student Plaintiffs does not change the analysis. In *Moody*, no hindrance existed because the third party whose rights were at issue—the plaintiff's father—had already filed his own suit against the same defendants and "was able to pursue his own interests in court." *Id.* at 402. Here, by contrast, the County and MSCS assert the claim on behalf of all MSCS schoolchildren, the overwhelming majority of whom are not before the Court and face the very obstacles described above, and the named Student Plaintiffs' individual claims could become moot before this litigation concludes. *See Nashville Cmty. Bail Fund v. Gentry*, 496 F. Supp. 3d 1112, 1130-31 (M.D. Tenn. 2020).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Motion for Leave to File Third Amended Complaint.

Dated: October 21, 2026.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/ Bruce McMullen*

Bruce McMullen (Tenn. Bar #18126)
Lori H. Patterson (Tenn. Bar #19848)
Jerrick Murrell (Tenn. Bar #34368, admitted *pro hac vice*)
Jennie Vee Silk (Tenn. Bar #35319)
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Fax: (901) 577-2303
bmcmullen@bakerdonelson.com
lpatterson@bakerdonelson.com
jmurrell@bakerdonelson.com
jsilk@bakerdonelson.com

*Counsel for Plaintiffs Shelby County Government and Shelby County Board of Commissioners*

THE WADE LAW FIRM, PLLC

Allan J. Wade (Tenn. Bar # 4339)
Brandy S. Parrish (Tenn. Bar # 21631)
5050 Poplar Ave., Suite 1028
Memphis, Tennessee 38157
Telephone: 901.322.8005
awade@thewadefirm.com
bparrish@thewadefirm.com

*Counsel for Plaintiffs Shelby County Board of Education, Michelle Robinson McKissack, Natalie J. McKinney, Stephanie P. Love, Sable Otey , Towanna Murphy, Joyce Dorse Coleman, and Tamarques Porter*